### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

RODERICK LEWIS,

     Plaintiff,

v.                                  Case No. 2:23-cv-2204-MSN-cgc

PARAMOUNT STAFFING, LLC,

     Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION,
### DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE,
### AND DENYING PENDING MOTION AS MOOT

Before the Court is Magistrate Judge Claxton's Report and Recommendation (ECF No. 19, "Report"). The Report recommends that this matter be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and that Defendant's Motion to Dismiss (ECF No. 15) be denied as moot.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

The Magistrate Judge issued her Report on March 11, 2024. The Report warned that objections were due within 14 days and failure to object may constitute a waiver of objections, exceptions, and any further appeal. To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court has

reviewed the Report for clear error and finds none.  Accordingly, the Court **ADOPTS** the Report in its entirety.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation (ECF No. 19) is **ADOPTED** in its entirety.  The Complaint (ECF No. 1) and all claims in this matter are **DISMISSED WITH PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b).  Defendant's Motion to Dismiss (ECF No. 15) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 1st day of April, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE